February 26, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
For The First Circuit

No. 92-2244

BERENICE MARY GORCZAKOSKI,

Plaintiff, Appellant,

v.

JOHN B. DEROSA, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Breyer, Chief Judge,

Torruella and Cyr, Circuit Judges.

Berenice Mary Gorczakoski on brief pro se.

Robert C. Ware and Freedman, DeRosa & Rondeau on brief for

appellees.

February 26, 1993

Per Curiam. Plaintiff Berenice Gorczakoski appeals pro

se from a district court judgment dismissing her complaint as

frivolous under 28 U.S.C. 1915(d). Having carefully

reviewed the record and the parties' briefs, we conclude that

"no substantial question is presented" and that summary

affirmance is therefore warranted under Loc. R. 27.1.

Plaintiff's suit involves a dispute over an inheritance.

Her complaint alleges that, upon the death of her mother in

May 1991, plaintiff inherited a fifty percent interest in a

house and property located in North Adams, Massachusetts.

Although her mother's will specified that all real estate was

to "be sold as soon as practicable," plaintiff expressed a

desire to acquire full ownership of the house by buying out

the interests of her sisters (the other beneficiaries). In

December 1991, at the behest of the executrix, the attorney

representing the estate obtained a restraining order from the

Pittsfield Probate and Family Court which barred plaintiff

from entering the house and directed that the house be

padlocked. Plaintiff filed the instant suit against the

attorney (and his partners), complaining both of her ouster

from the property and of the ongoing plans to sell the house.

Charging that defendants had operated deceitfully, she

requested that the property be returned to her, that various

repairs be performed, and that damages be awarded.

-2-

After granting plaintiff's application for in forma

pauperis (IFP) status, the district court construed her

complaint as one under 42 U.S.C. 1983 alleging a

deprivation of property without due process. The court then

reviewed the complaint under 28 U.S.C. 1915(d), which

permits the dismissal of IFP complaints that are "frivolous."

A complaint is frivolous when it "lacks an arguable basis

either in law or fact"--i.e., when it is "based on an

indisputably meritless legal theory" or makes "clearly

baseless" factual allegations. Neitzke v. Williams, 490 U.S.

319, 325, 327 (1989). The district court determined that the

complaint, even when liberally construed, suffered in this

regard as to each of the two essential elements of a 1983

claim: (1) that the conduct complained of was committed by a

person under color of state law, and (2) that it deprived a

person of rights, privileges, or immunities secured by the

Constitution or federal law. See, e.g., Parratt v. Taylor,

451 U.S. 527, 535 (1981). The case was accordingly

dismissed.

We find no abuse of discretion. See Denton v.

Hernandez, 112 S. Ct. 1728, 1734 (1992) ("Because the

frivolousness determination is a discretionary one, ... a

1915(d) dismissal is properly reviewed for an abuse of ...

discretion."). We need not examine whether defendants might

properly be deemed state actors for purposes of 1983, as it

-3-

is clear that plaintiff has failed to allege even an arguable

due process violation. Nowhere below or on appeal has

plaintiff adverted to any procedural irregularity surrounding

the events in question. In particular, she does not suggest

(1) that the procedures attending the issuance of the

restraining order were in any way deficient, (2) that the

attorney somehow exceeded the scope of that order in removing

her from the house and padlocking it, or (3) that his pursuit

of plans to sell the house was contrary to the directives of

the court or the executrix. Rather, her complaint is

directed solely at the substance of decisions reached by the

court and the executrix--decisions which are routinely made

in the course of probate proceedings. Any disagreement with

those decisions must be pursued through the state courts.

Plaintiff has alleged no facts which even begin to

approach a constitutional violation. See Watson v. Caton,

F.2d , No. 92-1269, slip op. at 6 (1st Cir. 1993) (per

curiam) ("The difference between failing to state a claim and

making a frivolous claim is in some situations a question of

degree."). As no substantial question has been presented, we

summarily affirm the dismissal of her complaint under Loc. R.

27.1. We note that such dismissal does not bar plaintiff

from repleading her claim by means of a paid complaint

(which, according to her financial affidavit, she may well be

capable of affording). See Denton, 112 S. Ct. at 1734.

-4-

Affirmed. The motion to dismiss is denied as moot.

-5-